**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY,

      Plaintiff,

vs.                                                           Case No. 3:11-cv-1070-J-37TEM

AMY L. DYE, and CLARK HOSHALL, III,

      Defendants.

---

**ORDER**

This case is before the Court on Plaintiff's Motion for Discharge or Dismissal with Prejudice (Doc. No. 33), filed June 28, 2012. Great-West Life & Annuity Insurance Company, having deposited the funds in this interpleader action, and having no interest in the stake being held in the court's registry, requests that it be discharged or dismissed from these proceedings with prejudice. (Doc. No. 33.) No party has filed a response in opposition, and the time to do so has passed. On that basis alone, the Motion is due to be granted. (Doc. No. 29, p. 5 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed.").)

The Court also finds the Motion is due to be granted, however, on the merits. Great-West has no interest in the insurance proceeds, and it has deposited those funds into the Court's registry. "The law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and opportunity to be heard." *Kurland v. United States*, 919 F. Supp. 419, 421 (M.D. Fla. 1996) (citing *Central Bank of Tampa v. United States*, 838 F. Supp. 564, 567 (M.D. Fla. 1993)). The dispute in

this case is really between the claimants, Amy Dye and Clark Hoshall. In such cases, "[i]nterpleader gives the disinterested party the ability to bow out, leaving the actual parties with real interests at stake to litigate their claims." *Id.* at 422. The Eleventh Circuit described the proper course of an interpleader action:

> Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner. A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.

*In re Mandalay Shores Coop. Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). Thus, it is clear that an innocent stakeholder should be dismissed from an interpleader action once the stakeholder has given the disputed asset to the Court's registry. Great-West has done this. Accordingly, the Court finds Great-West should be dismissed from this action.

In view of the above, it is hereby **ORDERED AND ADJUDGED**:

Plaintiff's Motion for Discharge or Dismissal with Prejudice (Doc. No. 33) is **GRANTED**. The Clerk is directed to enter a judgment discharging Great-West Life & Annuity Insurance Company as a party to this action.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on July 24, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:

counsel of record