**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREAT WEST LIFE & ANNUITY
INSURANCE COMPANY,

        Plaintiff,

vs.                                            Case No. 3:11-cv-1070-J-37TEM

AMY L. DYE; and CLARK
HOSHALL, III,

        Defendants.

## ORDER

This cause is before the Court on the Joint Status Report of Defendants Amy L. Dye and Clark V. Hoshall (Doc. 43), filed January 25, 2013. This interpleader action was commenced on November 1, 2011, by Plaintiff Great West Life & Annuity Insurance Company after it received competing claims to certain insurance proceeds. (Doc. 1.)

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). An interpleader action proceeds in two stages. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir.2009). At the first stage, the court determines whether interpleader is proper and "whether to discharge the stakeholder from further liability to the claimants." *Id.* At the second stage, the court evaluates "the respective rights of the claimants to the interpleaded funds." *Id.*

This Court has already determined that interpleader is appropriate in this case.

Plaintiff was granted leave to deposit the disputed insurance proceeds into the registry of the court. (Doc. 27.) The Court has also discharged Plaintiff and dismissed it as a party to this action. (Doc. 38.) Thus, the first stage of this interpleader action is complete.

All that remains in this case is the determination of the respective rights of the claimants to the interpleaded funds. "At this juncture, each claimant occupies an adversary position to the others and must proceed accordingly." *Wachovia Bank, N.A. v. Tien*, 534 F. Supp. 2d 1267, 1284 (S.D. Fla. 2007). The second stage of an interpleader action is "ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." *NYLife Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995) (citing *Diamond Shamrock Oil & Gas Corp. v. Comm'r of Revenues*, 422 F.2d 532, 534 (8th Cir. 1970)). If the material facts are disputed, each claimant must prove its right to the funds by a preponderance of the evidence. *Tien*, 534 F. Supp. 2d at 1285 (citing *Gen. Elec. Capital Assurance v. Van Norman*, 209 F. Supp. 2d 668, 670 (S.D. Tex. 2002)).

The claimants in this case inform the Court that they would rather reach a resolution of the competing claims without having to incur unnecessary costs and fees. (Doc. 43, p. 2.) The Court appreciates that the parties do not wish to litigate and wish to conserve time, expense, and the Court's resources. The Court also appreciates that another district judge has entered an order in a related interpleader case that was not disclosed to the undersigned, thereby releasing the funds deposited in that case and dismissing the action.[1] However, the Court has again reviewed *Boston Old Colony Ins.*

---

[1] Local Rule 1.04(d) imposes a continuing duty on all counsel of record to promptly inform the Court and opposing counsel of the existence of any similar or

*Co. v. Balbin*, 591 F.2d 1040 (5th Cir. 1979), and finds that case requires denying the parties' request to dismiss this action and transfer the funds held in the registry of the court to counsel's trust account. *Boston Old Colony Ins Co.* quite clearly stands for the proposition that, if jurisdiction has been properly invoked, it is the duty of the trial court to determine the issues in a case unless unusual circumstances trigger rules based on comity that would necessitate relegating the complaint to the state court. *See id.* at 1044–45. Here, the Court's jurisdiction was properly invoked by Plaintiff and no party has made a showing that it would be appropriate for this Court to abstain from adjudicating the competing claims.

At this juncture, Defendants can proceed as follows. They can adjudicate their claims in this Court at trial. The Court has set a trial date and expects the parties to be ready to proceed at that time. Prior to trial, Defendants may reach an agreement as to their respective rights to the funds. If that occurs, the Court would consider entering a stipulated judgment authorizing the distribution of funds deposited in the registry of the court upon a properly supported joint application. Absent an agreement, one of the parties may choose to withdraw his or her claim to the funds. In those circumstances, the Court would enter judgment in favor of the remaining Defendant and authorize the distributions of funds accordingly. Should Defendants believe their competing claims are more efficiently resolved in another forum, they can identify the pending proceeding and jointly apply to the Court for the dismissal of this action and the distribution of funds to

---

related case or proceeding, whether federal, state, or administrative in nature. That rule is imposed so that the Court can coordinate the consolidation of related cases before one judge, as provided for in Local Rule 1.04. A party need not wait for the Court to take such action, however, as the Local Rules provide a mechanism for the transfer of cases involving commons questions of fact or that require duplication of effort. *See* Local Rule 1.04(b). These rules are intended to keep the Court informed of similar or related proceedings and reduce the possibility of inconsistent rulings.

the registry of that court. *See, e.g.*, *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958, 2012 WL 6097075 (E.D. Cal. Dec. 7, 2012). Should Defendants wish to continue to pursue a dismissal of this action and distribution of funds to the trust account of counsel, the Court will require Defendants to obtain the express consent of the original Plaintiff, Great West Life & Annuity Insurance Company. Defendants shall submit a written stipulated agreement between all claimants to the funds and Plaintiff and an appropriate application for relief.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on February 5, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record